UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                   File No. 1:05-CR-136

v.

                                   HON. ROBERT HOLMES BELL

ANINJA HOOKS,

    Defendant.
                                       /

## **O P I N I O N**

This matter is before the Court on Defendant Aninja Hooks's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive amendments to the crack-cocaine sentencing guidelines. (Dkt. No. 47.) For the following reasons, the motion will be denied.

Defendant was originally sentenced on January 17, 2006, for possessing with intent to distribute and for manufacturing crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The Court departed from the guideline range of 135-168 months due to the defendant's young age and his highly dysfunctional upbringing, and sentenced Defendant to the mandatory minimum term of 120 months. (Dkt. No. 41, J.; Dkt. No. 54, 1/17/06 Sent. Tr. 11-12.) On May 16, 2007, the Court granted the government's Rule 35(b) motion and amended Defendant's term of custody to 108 months. (Dkt. No. 46, Am. J.) On September

10, 2008, the Court granted the government's second Rule 35(b) motion and amended Defendant's term of custody to 84 months. (Dkt. No. 51, Second Am. J.)

A district court is authorized to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Guidelines authorize a § 3582(c)(2) reduction only if the guideline range applicable to the defendant was lowered as a result of a retroactive amendment listed in § 1B1.10(c) of the Sentencing Guidelines. U.S.S.G. § 1B1.10(a)(1). Amendment 706 to the Sentencing Guidelines, which was made effective November 1, 2007, reduced the base offense level for most crack offenses. U.S.S.G., App. C, Amend. 706. Amendment 706 is one of the retroactive amendments listed in § 1B1.10(c). U.S.S.G. § 1B1.10(c); *United States v. Poole*, 538 F.3d 644, 645 (6th Cir. 2008).

The United States Probation Office prepared a Sentence Modification Report in response to Defendant's motion for modification based on the crack-cocaine amendments. According to the Report, the new guideline range based on Amendment 706 is 108 to 135 months, but because the guideline range may not be less than the statutory minimum of 120 months, the guideline range is 120 to 135 months. Defendant was originally sentenced below the guideline range to the statutory mandatory minimum of 120 months. The Report

concluded that Defendant was not eligible for a reduction in sentence because the new calculation did not result in a lower guideline range.

In response, Defendant contends that, contrary to the recommendation in the Sentence Modification Report, a further reduction is consistent with, and favored by, U.S.S.G. § 1B1.10 and the 18 U.S.C. § 3553 factors, and that any doubt regarding the appropriateness of a reduction should be resolved in favor of Defendant under the Rule of Lenity. Defendant specifically relies on U.S.S.G. § 1B1.10(b)(2)(B), which provides, in pertinent part:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B). Defendant also relies on Application Note 3 to U.S.S.G. § 1B1.10 which explains that in the case of a below-guideline-range original sentence, "a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10 cmt. n.3.

Defendant's reliance on § 1B1.10(b)(2)(B) and Application Note 3 is misplaced. Although the Court sentenced Defendant below the guideline range, the Court sentenced Defendant to 120 months, which is the statutory mandatory minimum for his offense. Neither § 1B1.10(b)(2)(B) nor Application Note 3 addresses statutory mandatory minimum sentences. Application Note 1, on the other hand, specifically provides that a sentence

reduction is **not** authorized under 18 U.S.C. § 3582(c) if it does not have the effect of lowering the defendant's applicable guideline range because of the operation of a statutory mandatory minimum term of imprisonment. U.S.S.G. § 1B1.10 cmt. n.1(A).[1] *See also United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (holding that court did not have authority under § 3582(c) to reduce a sentence based on a statutory mandatory minimum because the sentence remained unchanged by Amendment 706); *United States v. Trapps*, 289 F. App'x 953-54 (7th Cir. 2008) (holding that where a defendant received the statutory mandatory-minimum sentence for his crime, the district court lacked authority under § 3582(c) and Amendment 706 to reduce his sentence any further). Amendment 706 does not have the effect of lowering Defendant's guideline range because of operation of the statutory mandatory minimum term of imprisonment.

Defendant contends that even if his original sentence is not affected by the lower guideline range under the crack amendments, the lower guideline range could have affected the Court's imposition of amended sentences in response to the government's Rule 35(b)

---

[1]Application Note 1 provides:

[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment)).

4

motions. Defendant notes that the Sixth Circuit recently clarified that a district court may consider other factors beyond substantial assistance when evaluating a Rule 35(b) motion. *United States v. Grant*, 567 F.3d 776, 783 (6th Cir. 2009). Defendant contends that in light of *Grant*, the Court could have considered the new lower guidelines range, along with other factors, when it imposed sentence on Defendant following the government's Rule 35(b) motions.

Defendant's reliance on *Grant* is misplaced. A § 3582(c) motion requires a court to determine how the amendment to the sentencing guidelines would have impacted the applicable guideline range at the time the defendant was sentenced.[2] There is nothing in § 3582(c), U.S.S.G. § 1B1.10, Amendment 706, or *Grant* that purports to authorize a court to revisit a previously decided Rule 35(b) motion. *See United States v. Mueller*, 27 F.3d 494, 497 (10th Cir. 1994) (holding that where the defendant had received a Rule 35 reduction

---

[2] Section 1B1.10(b) provides:

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect **at the time the defendant was sentenced**.

U.S.S.G. § 1B1.10(b) (emphasis added).

5

below the mandatory minimum, the guidelines amendment did not entitle the defendant to a further reduction of his sentence).

Finally, even if the Court did have authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c), the Court would, after consideration of the factors set forth in 18 U.S.C. § 3553(a), deny the motion for reduction of sentence because the § 3553(a) factors do not warrant any further reduction of Defendant's sentence.

Accordingly, Defendant's motion for reduction of sentence will be denied.


Dated: July 13, 2009                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE